## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 12 2018, 7:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of:

V.R.

*Appellant*,

v.

State of Indiana,

*Appellee*.

October 12, 2018

Court of Appeals Case No.
18A-JV-693

Appeal from the Madison Circuit
Court

The Honorable G. George Pancol,
Judge

The Honorable Carl VanDorn,
Senior Judge

Trial Court Cause No.
48C02-1709-JD-280

**Brown, Judge.**

[1] V.R. appeals his adjudication as a delinquent for committing acts that would constitute fraud as a level 6 felony if committed by an adult. V.R. raises one issue which we restate as whether the evidence is sufficient to sustain his adjudication as a delinquent. We affirm.

## Facts and Procedural History

[2] In July 2017, V.R., J.G., K.C., and S.B. were walking in a park and found credit cards which belonged to Philip Lavelle. V.R. and the other individuals went to Walmart and Meijer, and Lavelle's credit cards were used to purchase merchandise. K.C. gave V.R. headphones. J.G. received a phone and headphones. At around 8:00 a.m. on July 17, 2017, Lavelle received a call from someone who had found his wallet. Lavelle's wallet did not have the cards in it and he discovered that his vehicle "had been rummaged through." Transcript Volume I at 9.

[3] On September 5, 2017, the State filed a petition alleging that V.R. committed acts that, if committed by an adult, would constitute theft and fraud as level 6 felonies. The court held a factfinding hearing at which it heard testimony from Lavelle, J.G., V.R., and K.C. Lavelle testified that two of his credit cards were missing and that he became aware that the cards were used to complete transactions at Walmart and Meijer which he did not authorize. He testified that a total of $2,490.06 was charged to one of the cards and approximately $700 was charged to the other card.

[4] When asked "you were all present at Walmart when the charges were made," J.G. testified "[e]verybody was doing they own little thing. I am [J.G.]. I can only tell you about [J.G.]" and "[s]omebody was playing on the bikes. So they be doing what they feel. Just do what you do. I am not nobody's keeper but [J.G.'s]." *Id.* at 14. The prosecutor asked "but you used those cards? Those cards were used at Walmart while you were there?" *Id.* at 16. J.G. replied "[y]eah." *Id.* When asked "[a]nd you got items related to those transactions," J.G. again replied "[y]eah." *Id.*

[5] V.R. testified "I didn't see no purchases made" and, when asked why, answered "actually, we was all spread around the store." *Id.* at 21. V.R. indicated that he did not know anything about the charges on the credit cards and that he first learned there were cards being used for purchases when he received a call from a detective. When asked "[n]ow, on the items that were purchased, did any of those end up in your possession," V.R. replied "I did have an item" and "it was two headphones, little headphones." *Id.* at 22. When asked "who had you get those," V.R. answered "[K.C.]," and when asked "[h]e gave them to you," V.R. replied "Uh huh." *Id.* at 23. On cross-examination, the prosecutor asked V.R. about the headphones he received, and V.R. stated "I actually don't even think they was from the store." *Id.* at 25.

[6] When asked "[d]o you remember telling . . . the police officer, that you all went to Walmart and that you had credit cards that didn't belong to anyone in the group," K.C. testified "[y]es. They belonged to me. I swiped them. Yes." *Id.* at 29. When asked "so the persons that were there when the items were taken,

okay, were bought, would be the persons that you were referring to that knew that the cards didn't belong to anyone in the group. Would that be fair to say," K.C. answered "[s]ure." *Id*.

[7] The court found that V.R. committed acts which, if committed by an adult, constituted fraud as a level 6 felony and found the allegation that he committed acts of theft to be not true. The court placed V.R. on supervised probation and scheduled a review hearing.

## *Discussion*

[8] The issue is whether the evidence is sufficient to sustain V.R.'s adjudication as a delinquent. When the State seeks to have a juvenile adjudicated as a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. *J.L. v. State*, 5 N.E.3d 431, 442 (Ind. Ct. App. 2014). In reviewing a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment and will neither reweigh evidence nor judge the credibility of the witnesses. *Id*. If there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the juvenile was guilty beyond a reasonable doubt, we will affirm the adjudication. *Id*.

[9] V.R. claims the evidence is insufficient to sustain the delinquency adjudication. He argues the evidence did not show he had a credit card in his possession or used a credit card to purchase any items, that J.G. knew V.R. was in the store when the credit cards were used but did not know what V.R. was doing at the

time, and that K.C. testified that he was the person who stole the cards. V.R. points to his testimony that he did not think the headphones he received from K.C. were from the stores. V.R. also argues that there is no evidence that he actively participated in the crime, that he knew the crime was going to happen or there was any agreement among the group to use the cards before the commission of the crime, that his group of friends left together, or that the headphones he received from K.C. were purchased with the stolen credit cards.

[10] The State responds that it was not required to prove that V.R. personally possessed Lavelle's credit cards or used them to make purchases and that the evidence was sufficient to show V.R. acted as an accomplice. It argues V.R. was present when the cards were found, knew the cards did not belong to anyone in the group, went to Walmart with the group after finding the cards, was present in the store when the stolen cards were used to purchase over $2,400 of property, and was given headphones by K.C. after the purchases were made. It argues the trial court was not required to believe V.R. and J.G.'s self-serving claims and it was entirely reasonable for the trial court to infer that V.R. and his friends, including K.C., were acting in concert.

[11] Ind. Code § 35-43-5-4 provides in part that a person who, with intent to defraud, obtains property by using a credit card, knowing that the credit card was unlawfully obtained or retained, commits fraud, a level 6 felony. The State alleged in relevant part that V.R. "did, with intent to defraud, obtain property using a credit card knowing that the credit card was unlawfully obtained or retained." Appellant's Appendix Volume II at 16. A person who knowingly or

intentionally aids, induces, or causes another person to commit an offense commits that offense. Ind. Code § 35-41-2-4. In determining whether a person aided another in the commission of a crime, the Indiana Supreme Court has considered the following four factors: (1) presence at the scene of the crime; (2) companionship with another engaged in criminal activity; (3) failure to oppose the crime; and (4) a defendant's conduct before, during, and after the occurrence of the crime. *D.J. v. State*, 88 N.E.3d 236, 241-242 (Ind. Ct. App. 2017) (citing *Garland v. State*, 788 N.E.2d 425, 431 (Ind. 2003)).

[12] Here, the State presented evidence that V.R. was present when he and his friends obtained Lavelle's credit cards, accompanied the group to the stores, and was present in the stores when K.C. used the cards to make the purchases. V.R. did not oppose the crime. K.C. gave V.R. a set of headphones, and J.G. received a phone and headphones. The evidence is sufficient, considering the factors above, to find V.R. acted as an accomplice. *See D.J.*, 88 N.E.3d at 242 (noting D.J. was present during the commission of the crime and did not oppose the crime and holding there was sufficient evidence to find he acted as an accomplice). V.R.'s argument that we credit his testimony or the testimony of the other witnesses constitutes a request to reweigh the credibility of the witnesses and the evidence, which we cannot do. *See J.L.*, 5 N.E.3d at 442.

[13] Based upon our review of the facts most favorable to the adjudication, we conclude the State presented evidence of probative value from which a reasonable factfinder could find beyond a reasonable doubt that V.R. committed delinquent acts constituting fraud if committed by an adult.

Affirmed.

Altice, J., and Tavitas, J., concur.